IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

TERRY MICHAEL JENKINS,            )
                                  )
    Plaintiff,                    )
                                  )
vs.                               )
                                  )   No. 14-cv-2917-JDT-tmp
UNIVERSITY HOSPITAL               )
BEHAVIORAL HEALTH, et al.,        )
                                  )
    Defendants.                   )
                                  )
_____

## REPORT AND RECOMMENDATION
_____

Before the court are defendants AARM, PLLC ("AARM"), Dr. Randall J. Moskovitz ("Dr. Moskovitz"), and Methodist Healthcare's ("Methodist") Motions to Dismiss.[1] (ECF Nos. 24, 32, 37.) To date, plaintiff Terry Jenkins has not filed a response to any of the motions, and the time for doing so has expired. Based on the entire record, the court submits the following proposed findings of fact and conclusions of law, and recommends that the complaint be dismissed *sua sponte* for lack of subject matter jurisdiction.

### I. PROPOSED FINDINGS OF FACT

___

[1] Although Methodist was never actually named as a defendant, Jenkins listed Methodist's address as the location for service for University Hospital Behavioral Health, an entity that does not exist. (ECF No. 15.)

On November 24, 2014, Jenkins filed a *pro se* complaint against Methodist and Dr. Moskovitz alleging unfair treatment, fraud, assault, overbilling, wrongful detainment, theft, injury from drugs that were prescribed to him, and poor food quality. (ECF No. 1.)  On December 15, Jenkins filed a motion to amend his complaint to add AARM and Universal Collection Systems as defendants, alleging that they were "complicit with attempted Medicare fraud."  (ECF No. 8.)  On December 18, the court, noting that Jenkins's complaint had not yet been served upon defendants and therefore could be amended once as a matter of course, granted Jenkins's motion to amend.  Jenkins filed his amended complaint on January 5, 2015, which added AARM and Universal Collection Systems as defendants and allegations of emotional distress, breach of contract, mail fraud, poor water and air quality, and requested "any additional help this Court is allowed to give under the Americans with Disabilities Act and all applicable Whistleblower Laws."  (ECF No. 12.)

On May 18, 2015, AARM moved for dismissal of Jenkins's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Jenkins failed to state a claim upon which relief could be granted.  (ECF No. 24.)  Jenkins did not respond to AARM's motion, and on June 22, the court issued an order directing him to show cause within twenty (20) days as to why AARM's motion should not be granted.  (ECF No. 34.)  To

date, Jenkins has not filed a response to AARM's Motion to Dismiss.

On June 15, 2015, Dr. Moskovitz filed a Motion to Dismiss based on Rule 12(b)(6). (ECF No. 32.) On June 24, Methodist also filed a Motion to Dismiss pursuant to Rule 12(b)(6). (ECF No. 37.) Because Jenkins did not timely respond to either motion, on July 24 the court issued an order directing him to show cause within twenty (20) days as to why Dr. Moskovitz's and Methodist's motions should not be granted. (ECF No. 40.) The court warned that if Jenkins failed to respond, the court could recommend that his complaint be dismissed with prejudice for failure to prosecute. Jenkins has yet to respond to either motion. Additionally, Jenkins failed to appear before the court for a scheduling conference on August 8, 2015. (ECF No. 42.)

## II. PROPOSED CONCLUSIONS OF LAW

While *pro se* pleadings are liberally construed and held to a less stringent standard than one drafted by an attorney, Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure. The court must be satisfied of its own jurisdiction to hear the claims presented and may address the lack of jurisdiction at any time during the course of an action. Campanella v. Commerce Exch.

Bank, 137 F.3d 885, 890 (6th Cir. 1998); Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir. 1992). Where subject matter jurisdiction is found to be lacking, dismissal is required. Fed. R. Civ. P. 12(h)(3). Even construing Jenkins's complaint in the most liberal light, the court submits that the complaint must be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citations omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger,

437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obligated to act *sua sponte* whenever a question about jurisdiction arises. See, e.g., Ins. Corp. of Ireland, Ltd., 456 U.S. at 702 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); see also Leys v. Lowe's Home Ctrs., Inc., 601 F.Supp.2d 908, 912-13 (W.D. Mich. 2009) (holding complaint and

notice of removal did not adequately establish diversity jurisdiction); Ellis v. Kaye-Kibbey, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008) (dismissing complaint for failure to adequately allege facts establishing diversity of citizenship despite conclusory allegation that diversity existed). In his complaint, Jenkins does not claim that diversity jurisdiction exists, nor does he allege any facts to establish diversity jurisdiction. The court notes, moreover, that Jenkins lists a Memphis address as his mailing address, and has sued four defendants that also have Tennessee addresses. Although a party's address is not dispositive of its citizenship, it strongly suggests that complete diversity is lacking in this case. In any event, Jenkins certainly has not demonstrated that complete diversity exists.

Under 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Among what the court ascertains to be numerous allegations under state law, such as false imprisonment, assault, and fraud, the complaint requests "any additional help this Court is allowed to give under the Americans with Disabilities Act [ADA] and all applicable Whistleblower Laws." However, the complaint fails to state any facts explaining how any of the defendants allegedly violated the ADA or how any federal whistleblower statutes might

apply. Merely referencing a federal statute, without more, is insufficient to invoke federal jurisdiction under 28 U.S.C. § 1331. See Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.") (citation and internal quotation marks omitted); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 817 (1986) ("[F]ederal jurisdiction cannot be based on a frivolous or insubstantial federal question"); Thornton v. Sw. Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir. 1990) ("Federal courts have jurisdiction under section 1331 in 'only those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'") (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28, (1983)).

### III. RECOMMENDATION

For the reasons above, it is recommended that Jenkins's complaint be dismissed *sua sponte* for lack of subject matter jurisdiction, pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 17, 2015
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL**