IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERRY MICHAEL JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 14-2917-JDT-tmp |
| ) | |
| UNIVERSITY HOSPITAL ) | |
| BEHAVIORAL HEALTH, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On November 24, 2014, Plaintiff Terry Michael Jenkins, a resident of Memphis, Tennessee, filed a *pro se* complaint against University Hospital Behavioral Health, Dr. Randall J. Moskovitz, Univeral Collection System and AARM PLLC. (ECF No. 1.) Defendant AARM filed a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), on May 18, 2015. (ECF No. 24.) Defendant Moskovitz filed a similar motion on June 15, 2015. (ECF Nos. 32 & 33.) On June 23, 2015, Methodist Healthcare - Memphis Hospitals ("Methodist") also filed a Rule 12(b)(6) motion to dismiss on behalf of University Hospital Behavioral Health.[1] Defendant Universal Collection System filed its motion to dismiss on August 13, 2015. (ECF No. 46.) However, on August 17, 2015, U.S. Magistrate Judge Tu M. Pham issued a Report and

---

[1] There is no entity known as University Hospital Behavioral Health. However, Plaintiff listed Methodist's address as the address for the non-existent University Hospital Behavioral Health, and the complaint was delivered to that address. Therefore, Methodist responded to the complaint out of an abundance of caution.

Recommendation ("R&R") in which he recommended dismissing the action *sua sponte* for lack of subject matter jurisdiction. (ECF No. 47.)

Magistrate Judge Pham found that the allegations of the complaint do not establish complete diversity of citizenship between the parties, which is required in order to establish jurisdiction under 28 U.S.C. § 1332. Moreover, the complaint's bare reference to the Americans with Disabilities Act is insufficient to establish federal question jurisdiction under 28 U.S.C. § 1331. The complaint contains no factual allegations that would support a colorable claim under federal law.

Plaintiff filed a timely objection to the R&R on September 2, 2015 (ECF No. 48), which states, in its entirety:

> I am forced by our Creator to object of finding dated 8/17/2015. I was detained once agained [sic] by Methodist Hosp and Dr. Moskovitz and treated like a criminal and unable to file on case due to my being held under False Imprisonment and being held while the case was being being [sic]. I requested an injunction which was never granted this requested relief.

(ECF No. 48.) Plaintiff also attached a list of his medications. (ECF No. 48-1.) This objection has no bearing on the issue of subject matter jurisdiction.

The Court agrees with the Magistrate Judge's recommendation for dismissal. Accordingly, Plaintiff's objection is overruled, and the R&R is ADOPTED. Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (h)(3), the complaint is hereby DISMISSED for lack of subject matter jurisdiction.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that

if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for lack of subject matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. If Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                           s/ **James D. Todd**
                                                         JAMES D. TODD
                                                         UNITED STATES DISTRICT JUDGE