# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| TERRY MICHAEL JENKINS a/k/a<br>TERRY M. JENKINS,<br><br>    Plaintiff,<br><br>VS.<br><br>UNIVERSITY HOSPITAL<br>BEHAVIORAL HEALTH, ET AL.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 14-2917-JDT-tmp |

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

The *pro se* Plaintiff, Terry Michael Jenkins, filed this civil action on November 24, 2014, and thereafter paid the filing fee. (ECF Nos. 1 & 5.) The Defendants were served with process and subsequently filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b). On August 17, 2015, U.S. Magistrate Judge Tu M. Pham issued a Report and Recommendation (R&R) in which he recommended the case be dismissed for lack of subject matter jurisdiction. (ECF No. 47.)

The Court adopted the Magistrate Judge's R&R and dismissed the case on September 24, 2015, overruling a timely objection filed by Jenkins because it had no bearing on the issue of subject matter jurisdiction. (ECF No. 51.) Judgment was entered on September 25, 2015. (ECF No. 52.) Plaintiff appealed, and the Sixth Circuit Court of

Appeals affirmed. *Jenkins v. Methodist Healthcare – Memphis Hospitals*, No. 15-6195, slip op. (6th Cir. May 6, 2016).

On March 6, 2018, Jenkins filed a new civil complaint. *Jenkins v. Weirich*, No. 2:18-cv-02154-SHM-tmp (W.D. Tenn.). In that complaint and later amendments thereto, Jenkins raised several different types of claims against several different defendants. United States District Judge Samuel H. Mays issued an order on February 14, 2019, pursuant to Federal Rules of Civil Procedure 20 and 21, in which he sorted Jenkins's various allegations into four groups of related claims and defendants, severed those that were misjoined, and directed the Clerk to open three new cases for the severed claims. *Id.* slip op. at 3-8. Judge Mays also construed another motion filed by Jenkins as a motion to reopen or for reconsideration of this closed case and directed the Clerk to docket that motion in this matter. *Id.* slip op. at 8.[1]

Jenkins has titled his document a "Motion to Amend Complaint." (ECF No. 61.) However, the Court specifically construes the filing as a motion under Federal Rule of Civil Procedure 60(b). Pursuant to Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

    (1)    mistake, inadvertence, surprise, or excusable neglect;
    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] Judge Mays then dismissed the claims remaining in case number 18-2154 without prejudice because the allegations did not demonstrate that Jenkins, a three-strike filer under 28 U.S.C. § 1915(g), was in imminent danger of serious physical injury when he filed the action. No. 18-2154, slip op. at 8.

> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief Rule [60(b)] bears the burden of showing entitlement to such relief by clear and convincing evidence." *Thurmond v. Wayne Cnty. Sheriff Dep't*, 564 F. App'x 823, 827 (6th Cir. 2014) (citing *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)); *see also JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 585 (6th Cir. 2014).

Jenkins contends, without providing any details, that "mail tampering prevented me from obtaining results from Sixth Circuit – unable to Appeal to U.S. Supreme Court . . . ." (ECF No. 61.) The Court presumes he is asserting he did not receive a copy of the Sixth Circuit's opinion affirming the dismissal of this case in time to prepare and file a petition for certiorari. However, even if that is true, this Court has no authority to reopen the time for Jenkins to file a petition in the Supreme Court.

Jenkins also appears to assert, in a conclusory manner, that his original claims had merit and should not have been dismissed by this Court. This is an argument for relief based on legal error, which falls under Rule 60(b)(1). *See Broach v. City of Cincinnati*, 244 F. App'x 729, 733 (6th Cir. 2007). Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more

3

than a year after the entry of the judgment or order or the date of the proceeding." The Sixth Circuit has "further held that '[a] Rule 60(b)(1) based on legal error must be brought within the normal time for taking an appeal.'" *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007) (quoting *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund*, 770 F.2d 449, 451 (6th Cir. 1985)). Accordingly, Jenkins should have filed any motion asserting legal error on or before Monday, October 26, 2015. The present motion was filed on March 15, 2018, almost eighteen months later, and is untimely.

Even if Jenkins's motion was timely, it is not well taken. The Court dismissed this case for lack of subject matter jurisdiction without reaching the merits of his claims. The present motion does not address that conclusion, and the Court is not persuaded the ruling was erroneous. Therefore, the motion for relief from judgment is DENIED.

IT IS SO ORDERED.

                                               s/ **James D. Todd**
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE